No. 35,685

Nancy Powell, *Appellee*, v. The Kansas Yellow Cab Company and Horace Duncan, *Appellants*. (Ferd Banks, Defendant.)

(133 P. 2d 755)

Opinion filed February 5, 1943. (For former opinion of reversal, see *ante*, p. 150, 131 P. 2d 686.)

A. J. *Herrod*, of Kansas City, for the appellants.
John E. *Blake*, of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellee has filed a motion asking us to clarify the opinion with respect to the appellant, Horace Duncan. With respect to him the record discloses the following situation: When the action was filed three defendants were named—The Kansas Yellow Cab Company, Horace Duncan, the driver of the cab at the time in question, and Ferd Banks, the driver of the automobile. No summons was served on Horace Duncan. At the argument we were told that he was living in California at the time the action was brought, and his deposition, offered on behalf of The Yellow Cab Company, was taken at San Francisco, where he was employed in the freight department of the Southern Pacific Railway Company. He did not appear at the trial of this case and filed no motion for a new trial. Mr. A. J. Herrod, who filed an answer and appeared at the trial for The Yellow Cab Company, prior to filing the answer filed a motion to have the petition made more definite and certain, which recites: "Come now the defendants and move . . ." and was signed by Mr. Herrod, "Attorney for Defendants." At the beginning of the trial colloquy among counsel and the court shows clearly that but two defendants—The Kansas Yellow Cab Company and Ferd Banks—were represented at the trial. The journal entry of the trial is captioned "Powell, *Plaintiff*, v. Kansas Yellow Cab Company & Ferd Banks, *Defendant*," and recites: "Plaintiff appearing by John Blake, her attorney, and defendant appearing by A. Herrod, Wm. Carson, their attorneys." The verdict of the jury, signed by its foreman, reads: "We the jury, find for the plaintiff, and assess her damages at $4,358." The jury were instructed: "If

you find for the defendant, the form of your verdict will be, 'We, the jury, find for the defendant.' " We think this clearly shows there was but one defendant, The Kansas Yellow Cab Company, in the case at that time. Plaintiff tried no case against Horace Duncan, and obtained no verdict against him. The journal entry of judgment, filed after the court had overruled The Yellow Cab Company's motions to set aside the special findings and to grant a new trial, shows that the court rendered judgment "in favor of the plaintiff and against the defendants, The Kansas Yellow Cab Company and Horace Duncan, in the sum of $4,358 . . ." Horace Duncan appealed from the judgment. The Kansas Yellow Cab Company appealed from the judgment and from the orders of the court overruling its motion to set aside the answers to special questions and its motion for a new trial, and from all other orders, rulings and decisions.

Counsel for appellee argues that the motion filed to make more definite and certain, which used the word "defendants," and signed as attorney for "defendants," amounted to a general appearance on the part of Duncan; that since he had not further contested the case and had filed no motion for a new trial it was proper for the trial court to render judgment against him, and that he cannot be heard to complain in this court. Counsel for The Yellow Cab Company, both in his brief and oral argument, states that he never was employed by Duncan nor authorized to appear for him. If that is true the judgment is void as to Duncan. Normally, when there are several defendants and an attorney files a motion, worded so as to indicate that he appears for all of them, the plaintiff and the court are justified in so regarding it. Here the plaintiff could not have understood that the motion filed was on behalf of all the defendants, for the defendant Ferd Banks had an attorney, Mr. Carson, who filed an answer for him and appeared for him in the trial. So, to that extent at least, the implication which might arise from the use of the term "defendants" in the motion was obviously inaccurate, a fact which the plaintiff and the court could not ignore. It was proper for Duncan to appeal from the judgment against him, which he regarded as void. Our statute (G. S. 1935, 60-3317) reads:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the

trial court; and in any case pending before it, the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

Upon the record as above stated we think the statute just quoted requires a holding that the filing of the motion on behalf of "defendants" was a technical error and that such a holding would in no wise prejudice the plaintiff. There is no suggestion that judgment against The Yellow Cab Company could not be collected. The result is the judgment against Horace Duncan should be set aside and held for naught. It is so ordered.

Appellee also filed a motion for rehearing on the points ruled upon in the third and fourth paragraphs of the syllabus (*ante*, p. 150, 131 P. 2d 686), and argues that the rulings made are not in harmony with some of our previous decisions. We considered all our previous decisions in the opinion and have fully considered the points now argued by appellee and find no reason to disturb what we have already said.

The motion is denied.